IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ARIBA ALEXANDER, et al.**                                                                    **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 3:21-cv-00648-CWR-LGI**

**DUSTIN MACK and FCA US LLC**
**DEFENDANTS**

## ORDER

Before the Court is Defendant FCA US LLC's *Motion for Protective Order* [61]. Defendant FCA US LLC submitted its proposed *HIPAA Order in Civil Action* to this Court via email on February 23, 2023. On April 6, 2023, Plaintiffs filed a Response [65] in opposition to FCA's Motion for Protective Order. FCA filed a Reply [66]. Also before the Court is *Plaintiffs' Motion for Time to Conduct Deposition of Defendant FCA* [69]. Defendant FCA US LLC filed a Response in opposition [70], and Defendant Dustin Mack filed a Response in partial opposition [71]. Also before the Court is the *Defendant Dustin Mack's Unopposed Motion to Continue Trial Setting* [78]. On June 16, 2023, the Court held a status conference with the parties.

The Court heard argument regarding each parties' position on the Motion for Protective Order [61], the Motion for Time to Conduct Deposition of FCA [69], and the Unopposed Motion to Continue Trial Setting [78]. The Court, having considered the submissions, the record and relevant law, finds that Defendant FCA's Motion for Protective Order [61] is GRANTED, Plaintiffs' Motion for Time to Conduct Deposition of FCA [69] is GRANTED, and the Unopposed Motion to Continue Trial Setting [78] is GRANTED, as discussed below.

1

**ANALYSIS**

I.   **Standard**

This discovery dispute concerns the scope of discovery and the procedure by which the parties may obtain discoverable information. This Court has broad discretion over both. *See Hernandez v. Causey*, 2020 WL 5412486, at *3 (S.D. Miss. Sept. 9, 2020) (quoting *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009) ([i]t is well established that the scope of discovery is within the sound discretion of the trial court.")); *See also Saucier v. Lakeview Corp.*, 2014 WL 12906612, at *1 (S.D. Miss. Dec. 30, 2014) ("[a] district court has "broad discretion" to control the procedure for obtaining discoverable material.").

Indeed, "[d]iscovery is not a license for the [parties] to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); Fed. R. Civ. P. 26(b)(1)). "Finding a just and appropriate balance in the discovery process" is thus one of the Court's key responsibilities. *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 U.S. Dist. LEXIS 30985, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016).

Rule 26(b)(1) provides that information is within the scope of discovery if it is not privileged, relevant, and proportional to the needs of the case:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Meanwhile, Rule 26(c) empowers the Court to control the procedure for obtaining discoverable information. *Saucier*, 2014 WL 12906612, at *1. Rule 26(c) of the Federal

Rules of Civil Procedure governs the issuance of Protective Orders in discovery. The pertinent portion of Rule 26(c) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . .

Fed. R. Civ. P. 26 (c). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Vertex Aerospace, LLC v. Womble Bond Dickinson, LLP*, No. 3:09-cv-00704-HTW-LGI, 2022 WL 1908911, at *2 (S.D. Miss. Apr. 26, 2022) (quoting *Cazaubon v. MR Precious Metals*, LLC, 14-2241, 2015 U.S. Dist. LEXIS 107923, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (citation omitted)). "The trial court enjoys wide discretion in setting the parameters of a protective order." *Id*. (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.")). "Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference." *Id*. (citing Fed. R. Civ. P. 26(c)(1)).

Finally, Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" and it authorizes the Court to issue an Order compelling the production of such information. Fed. R. Civ. P. 37(a)(4).

**II.     Motion for Protective Order [61]**

Defendant FCA US LLC ("FCA") moves this Court for entry of a Protective Order in compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

3

Defendant's proposed Protective Order provides:

> [T]he attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to any party, decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual. . . . Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

*See* HIPAA Order in Civil Action, submitted to this Court via email on February 23, 2023.

Plaintiffs agree the Defendants should have access to some of the Plaintiffs' medical information; however, they contend the Defendants are not entitled to the "unfettered access to the medical and health information" sought in the proposed Protective Order. Doc. [65] at 1. Plaintiffs argue there is no specific medical privilege under federal law, as medical information is governed by state law. *Id*. They assert that physician-patient privilege exists under Mississippi Rule of Evidence 503, and that by filing this lawsuit, the Plaintiffs have only partially waived their medical privilege. *Id*. at 1-2. Plaintiffs also contend the parties must follow a procedure that gives Defendants access to medical information that has been put at issue in the lawsuit, yet also protects the medical privilege that has not been waived. *Id*. Plaintiffs oppose execution of a "blank medical release authorization" and instead request the Court adopt the procedure it outlined in Paragraph 6 of their response or some similar method. *Id*. Plaintiffs' proposed procedure provides the following:

> a. Defendant submits to Plaintiff's counsel, a proposed HIPAA-compliant medical release authorization, for each medical provider from which the Defendant wishes to obtain copies of medical records; and,
> b. The proposed medical release should be reasonably limited in time (the ususal [sic] agreement is for 3 to 5 years prior to the incident in question); and,
> c. Plaintiff's counsel will get the client/patient to sign each individual medical

4

release and provide such to the counsel for the Defendant.

*Id*.

In its Reply [66], Defendant argues Plaintiffs' opposition is without merit. Defendant asserts that it is entitled to medical records of "any pre-existing injuries and prior treatments of Plaintiff," because the medical information sought is relevant to Plaintiffs alleged damages for "past, present and future medical expenses [and] . . . pain and suffering; loss and/or limitation of enjoyment of life activities; and; other damages to be developed during discovery[]." Doc. [66] at 2 (citing First Amended Complaint, Doc. 19 at ¶22). Defendant argues it is not seeking "unfettered access," but it does seek to discover Plaintiff's pre-existing injuries, subsequent treatment and physical medical history as it relates to this personal injury case. *Id*. at 2-3. Defendant opposes the procedure suggested by Plaintiffs; it argues there are four Plaintiffs and requiring Defendant to submit separate authorizations to each Plaintiff's medical providers is inefficient and prejudicial. *Id*. at 3. Defendant also notes that the medical information sought can be obtained via non-party subpoenas. *Id*. Defendant opposes Plaintiffs' request to limit the scope of time to a period between three and five years. *Id*. at 4. Defendant points out that each of the Plaintiffs have provided deposition testimony identifying certain areas of the body that were previously injured or wherein they received treatment to the same areas of the body they allegedly injured in the subject accident. *Id*. at 4-5. Thus, Defendant argues it is entitled to the medical records its seeks and also urges this Court to set a reasonable scope of time that will enable it to obtain medical records related to treatment of pre-existing injuries.

Here, Defendant seeks an order of this Court enforcing the terms of its proposed HIPAA Authorization and also requests that this Court set a reasonable date range to govern the production of each Plaintiff's medical records. Upon review, the Court finds that the medical information sought is both relevant to Plaintiffs' claims and proportional to the needs of the case. Plaintiffs

5

have testified that they each suffered previous injury to specific areas of the body that they also allegedly injured in the subject accident. The Court finds that the information related to preexisting injuries and treatment has probative value. Therefore, the Court finds the Defendant has sufficiently supported it Motion for Protective Order and request for entry of a HIPAA authorization. The Court orders that Defendants are generally allowed to obtain medical records on each Plaintiff, beginning five (5) years prior to the date of the subject collision through present for general records. In addition, the Court makes separate rulings governing the time frame by which individual Plaintiffs Ariba Alexander, Carmelita Williams, and Janice Alexander's medical records may be obtained regarding their alleged pre-existing injuries and/or treatment[1].

1. Medical records specifically related to Ariba Alexander's pre-existing injuries/treatment related to a broken ankle in 2012, a torn lateral meniscus in her left knee in 2019, and a neck injury in 2000 may be obtained.

2. Medical records specifically related to Carmelita Williams's pre-existing injuries/treatment related to a left knee injury from sports in 1988 may be obtained.

3. Medical records specifically related to Janice Alexander's injuries/treatment related to a left knee replacement in 2018, a tear to her left lateral and medial meniscus from a fall in 2019 and a back and shoulder injury from a fall in 1999 may be obtained.

Plaintiffs' requests that Defendants be required to submit a proposed HIPAA-compliant medical release authorization for each medical provider, for each Plaintiff, before Plaintiffs' counsel be

---

[1] The Court declines to further delineate a time frame for obtaining records related to the alleged pre-existing injuries and/or treatment of Plaintiff Tekemia Bennett. While Bennett claims injuries to her back, neck, right side and a concussion, the record is void as to the date of onset of said injuries. Therefore, Defendant is allowed to obtain records for Bennett beginning five (5) years prior to the date of the subject collision through present.

required to provide the executed medical release to Defendants is hereby DENIED.

### III.     Motion for Time to Conduct Deposition of Defendant FCA [69]

Plaintiffs move this Court for time to conduct the deposition of Defendant FCA. On April 25, 2023, Plaintiffs filed Notice of Deposition of Defendant FCA, seeking a Rule 30(b)(6) deposition. *See* Doc. [67]. FCA objected to the deposition asserting "that the deposition cannot be taken prior to the existing discovery deadline" of May 8, 2023. Doc. 69 at 1. The parties sought intervention from the Court regarding the discovery dispute. The undersigned instructed the parties to file motions addressing their positions.

On May 3, 2023, Plaintiffs filed the instant Motion for Time to Conduct Deposition of Defendant FCA [69]. On May 10, 2023, Defendant FCA filed its Response in Opposition [70], noting that Plaintiffs filed their Notice of Deposition of FCA less than two weeks from the discovery deadline and without first discussing the request for Rule 30(b)(6) deposition with FCA's counsel. Doc. [70] at 2. While FCA does not oppose an extension of the discovery and motions deadlines, it does object to allowing FCA's deposition "at this late juncture without any other relief from the Court." *Id*. at 3. FCA asserts that a grant of Plaintiffs motion would be prejudicial to FCA. *Id*. If this Court allows Plaintiffs to proceed with FCA's deposition, FCA requests that the Court also leave discovery open for the purpose of allowing Defendants additional time to complete medical discovery and also adjust the motions deadline. *Id*. at 3. Defendant states there is a need to obtain additional medical records related to Plaintiffs' claims. *Id*.

Defendant Dustin Mack ("Mack") also filed a Response in Partial Opposition to Plaintiff's Motion for Time to Conduct FCA's Deposition [71]. In its response, Mack raises no general objection to Plaintiffs' deposition of FCA. However, he joins in FCA's request that if the Plaintiff is permitted additional time to depose FCA, that the discovery deadline be extended to allow Defendants to obtain additional medical records and that the motions deadline be extended. Doc.

[71] at 1-2. Mack also requests a discovery conference to aid this Court in determining an appropriate extension to the discovery and motion deadlines. *Id*.

Upon review, the Court finds that Plaintiffs' Notice of Deposition [67] and the Motion [69] for time to conduct the Rule 30(b)(6) deposition of FCA, while timely filed, provided insufficient time for FCA to properly prepare for a corporate deposition. The Court finds that the Notice [67], filed just two-weeks before the discovery deadline, did not allow sufficient time for FCA to review any proposed deposition topics, raise objections and also prepare a corporate representative for the deposition. Thus, the requested deposition could not have proceeded before the discovery deadline of May 8, 2023. Indeed, the Court, having considered the motion, responses, and arguments finds that all parties essentially agree to an extension of time to conduct the requested deposition, so long as the discovery and motions deadlines are appropriately extended to allow all parties to complete discovery and file or refile dispositive motions. The Court agrees and finds that the Motion [67] for time is GRANTED. The Court further grants Defendants request to also extend the discovery deadline to allow for the acquisition of additional medical records, as addressed under Section I of this Order, and to permit additional time for the parties to file motions. The instant Motion [69] is hereby GRANTED, in accordance with the foregoing.

IV. **Unopposed Motion to Continue Trial Setting [78]**

Based on the foregoing, the additional information provided in the Motion [78], and the parties' positions provided during the telephonic status conference held on June 16, 2023, the Court finds that the Motion to Continue Trial Setting [78] is well-taken and is therefore GRANTED. The Court sets forth the amended Case Management Order Deadlines, as follows:

| | |
|---|---|
| Jury Trial | February 12, 2024 |
| Pretrial Conference | January 5, 2024 |
| Discovery Deadline | September 14, 2023 |

    Motions Deadline       September 28, 2023

The Settlement Conference, currently scheduled for June 22, 2023, is cancelled at the request of the parties. The parties are directed to contact the Court to reschedule the Settlement Conference date.

 Further, during the status conference, both Defendant FCA and Mack indicated they would withdraw their dispositive motions, filed on May 22, 2023, and refile said motions in accordance with the amended Case Management Order deadlines set forth above. Plaintiffs agreed to withdraw their responsive motions to the FCA's Motion for Summary Judgment [72] and Mack's Motion for Summary Judgment [74]. Parties are directed to withdraw the dispositive motions and corresponding responses within one week of this Order, by June 23, 2023.

## CONCLUSION

 IT THEREFORE ORDERED that Plaintiff's Motion for Protective Order [61] is hereby GRANTED, Plaintiffs' Motion for Time to Conduct Deposition of Defendant FCA [69], is GRANTED, and the Unopposed Motion to Continue Trial Setting [78] is GRANTED.

 IT IS FURTHER ORDERED that the Defendant FCA amend its proposed *HIPAA Order in a Civil Action* in accordance with this order, specifically stating that Defendants are entitled to obtain each Plaintiffs' general medical records, beginning five (5) years prior to the date of the subject collision and also specifically incorporate the Court's separate rulings governing the time frame by which individual Plaintiffs Ariba Alexander, Carmelita Williams, and Janice Alexander's medical records may be obtained regarding their alleged pre-existing injuries and/or treatment as set forth above and as follows.

  1. Medical records specifically related to Ariba Alexander's pre-existing injuries/treatment related to a broken ankle in 2012, a torn lateral meniscus in her left knee in 2019, and a neck injury in 2000 may be obtained.

9

2. Medical records specifically related to Carmelita Williams's pre-existing injuries/treatment related to a left knee injury from sports in 1988 may be obtained.

3. Medical records specifically related to Janice Alexander's injuries/treatment related to a left knee replacement in 2018, a tear to her left lateral and medial meniscus from a fall in 2019 and a back and shoulder injury from a fall in 1999. may be obtained.

Defendant is ordered to amend the language in its proposed *HIPAA Order in a Civil Action* to include said language and provide to Plaintiffs within seven (7) days of this Order. Plaintiffs are ordered to execute HIPAA Authorizations in accordance with this Order within ten (10) days of receipt of the HIPAA Authorizations. Plaintiffs' requests that Defendants be required to submit a proposed HIPAA-compliant medical release authorization for each medical provider, for each Plaintiff, before Plaintiffs' counsel be required to provide the executed medical release to Defendants is DENIED.

Parties are also directed to contact the Court to reschedule the cancelled Settlement Conference. Parties are ordered to withdraw dispositive motions [72] and [74] and the corresponding responses to the motions, within one week of this Order, by June 23, 2023.

**SO ORDERED**, this the 16th day of June, 2023.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE