# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **ARIBA ALEXANDER, et al.**, *Plaintiffs*, <br><br> v. <br><br> **DUSTIN MACK, et al.**, *Defendants*. | Cause No. 3:21-CV-648-CWR-LGI |

### ORDER

Before the Court are motions for summary judgment filed by defendants Dustin Mack and FCA US, LLC, which does business as Chrysler. Docket Nos. 84 & 86. On review, Mack's motion will be granted and Chrysler's motion will be denied.

**I.    Facts & Arguments**

On March 20, 2020, plaintiffs Ariba Alexander, Carmelita Williams, Janice Alexander, and Tekemia Bennett were driving South on Interstate 55 in Hinds County, Mississippi. As defendant Dustin Mack was driving North on the same Interstate, one of his tires came off his Dodge Ram. The tire crossed the median and struck the plaintiffs' vehicle, injuring them.

The plaintiffs later filed these suits seeking damages from Mack and Chrysler, the company that made Mack's vehicle. They allege negligent maintenance against Mack and defective design of the wheel and tire assembly against Chrysler.

The wheel studs and lug nuts of Mack's truck were under a safety recall at the time of the accident. The recall was necessary because the Owner's Manual called for the lug nuts to be over-torqued, which apparently could cause the wheel studs to break, leading to wheel

separation. Mack says he had followed the Owner's Manual's instructions when he installed the wheels on his truck shortly before the accident.

Chrysler now contends that it is entitled to summary judgment because the wheel studs and lug nuts from Mack's vehicle have been lost. Mack did not recover them from the side of the road and Chrysler's expert says there are alternative causes for the crash. It also argues that the plaintiffs' expert cannot help the jury understand causation because the wheels studs would have "eventually" failed at any level of torquing. Docket No. 85 at 7. Mack argues that he's entitled to summary judgment because the plaintiffs' expert does not blame him for improper maintenance.

## II.     Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party

could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

**III.   Discussion**

After reviewing the evidence, arguments, and applicable law, the Court concludes that material factual disputes require a trial of the plaintiffs' claims against Chrysler.

Regarding Chrysler's first argument, Mississippi product liability law recognizes that defective components can be destroyed or lost. *See A.K.W. ex rel. Stewart v. Easton Bell Sports, Inc.*, 454 F. App'x 244, 247-48 (5th Cir. 2011) (applying Mississippi law). The jury will have to consider the components' absence alongside the fact that Chrysler's recall acknowledged that 100% of the wheel studs on Mack's make and model vehicle were defective.

As for Chrysler's second argument, the notion that 'all products eventually fail' is not a get-out-of-jail-free card for product liability suits. On a long enough timeline, every person will die. We nevertheless still hold people and companies accountable if their acts, criminal or civil, cause a person's lifespan to be reduced. Product liability is no different. And here, there is a factual dispute, supported by expert testimony, about whether Chrysler's defective design caused the failure that injured the plaintiffs. *See* Docket No. 88-4 at 8.

As for Mack's summary-judgment argument, the plaintiffs respond that they have presented alternative theories of recovery. Although they think Chrysler is most responsible for their injuries, they urge the Court to let the jury allocate fault to Mack if it does not believe that he installed the wheels according to the specifications provided in the Owner's Manual.

While alternative theories of recovery are common at the pleadings stage, the summary-judgment standard requires the non-movant to come forward with evidence showing a factual dispute for trial. *See* Part II, *supra*. Here, the plaintiffs have not pointed to

evidence of Mack's negligence. The Court also observes that Chrysler did not crossclaim against Mack or respond to his motion with evidence of his negligence that could support an apportionment of fault against their co-defendant. He is entitled to summary judgment.

## IV. Conclusion

Mack's motion is granted. Chrysler's motion is denied.

**SO ORDERED**, this the 22nd day of August, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE